EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Seguros Múltiples de Puerto Rico y Popular Auto, LLC<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico y otros<br><br>Peticionarios | Certiorari<br><br>2025 TSPR 78<br><br>216 DPR ___ |

Número del Caso: CC-2024-0570

Fecha: 5 de agosto de 2025

Tribunal de Apelaciones:

Panel XI

Oficina del Procurador General

Hon. Fernando Figueroa Santiago
Procurador General

Hon. Omar Andino Figueroa
Procurador General

Lcdo. Pedro J. García Flores
Procurador General Auxiliar

Representantes legales de la parte recurrida:

Lcda. Diana I. Díaz Cruz
Lcdo. Víctor R. Rodríguez Fuentes

Representante legal del *Amicus Curiae*:

Lcdo. Eliezer Aldarondo López
Lcda. Rosa Campos Silva

Materia: Ley Uniforme de Confiscaciones – Inaplicabilidad de la doctrina de impedimento colateral por sentencia en la acción impugnatoria de confiscación civil tras una determinación de no causa en la vista preliminar en alzada, así como de la doctrina de "tercero inocente" a favor de la entidad financiera en virtud de una cláusula del contrato de venta de un vehículo de motor.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Cooperativa de Seguros Múltiples de Puerto Rico y Popular Auto, LLC

       Recurridos

          v.

Estado Libre Asociado de Puerto Rico y otros

       Peticionarios

CC-2024-570      *Certiorari*

El Juez Asociado Señor Feliberti Cintrón emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 5 de agosto de 2025.

El caso ante nuestra consideración requiere que discutamos si procede aplicar la doctrina de impedimento colateral por sentencia en la acción impugnatoria de la confiscación civil de un vehículo de motor, al amparo de la Ley Núm. 119-2011, según enmendada, conocida como Ley Uniforme de Confiscaciones (Ley de Confiscaciones), 34 LPRA sec. 1724 *et seq.*, tras una determinación de no causa en la vista preliminar en alzada. Del mismo modo, nos corresponde considerar si la doctrina del tercero inocente aplica a favor de Popular Auto, LLC (Popular Auto o parte recurrida) a la luz de una cláusula contenida en el contrato de venta al por menor a plazos del automóvil confiscado.

El Gobierno de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico (Estado o parte peticionaria), nos presenta una controversia que ha sido examinada en nuestra jurisprudencia reciente sobre la aplicación de la figura del impedimento colateral por sentencia en el contexto de una acción impugnatoria al amparo de la Ley de Confiscaciones. Sin embargo, este recurso nos brinda la oportunidad de examinar la doctrina del "tercero inocente" y determinar específicamente si procede su aplicación a favor de la entidad financiera del vehículo confiscado, a tenor de una cláusula del contrato de venta al por menor a plazos en la cual presuntamente se incluyeron unas medidas cautelares para evitar el uso ilícito del automóvil.

En conformidad con el texto de la Ley de Confiscaciones y nuestro precedente en Universal Ins. y otro v. ELA y otros, 211 DPR 455 (2023), reafirmamos que no procede anular la confiscación de un vehículo bajo la doctrina de impedimento colateral por sentencia en ausencia de una adjudicación expresa en otro proceso penal, civil o administrativo que establezca que el bien confiscado no fue utilizado en la comisión de un delito. **En ese sentido, resolvemos que una determinación de no causa probable en una vista preliminar en alzada, sin más, no constituye una adjudicación expresa que exonere a la propiedad en cuestión en el proceso confiscatorio civil.**

**Por otro lado, determinamos que la entidad financiera del vehículo confiscado no es merecedora de la defensa del**

**"tercero inocente" en virtud de la cláusula del contrato de venta en cuestión**. De esta forma, distinguimos los hechos de este caso de aquellos acaecidos en <u>Flores Pérez v. ELA</u>, 195 DPR 137 (2016), y reivindicamos la necesidad de que cada caso se evalúe conforme a sus hechos particulares y a la totalidad de las circunstancias para determinar la aplicación de la doctrina del tercero inocente bajo la Ley de Confiscaciones.

Veamos los hechos que dieron paso al presente recurso.

## I

El Estado ordenó la confiscación de un vehículo Hyundai Accent de 2022,[1] registrado a nombre del Sr. Hank Wilberto De Jesús Rodríguez (señor De Jesús Rodríguez), en conformidad con la Ley de Confiscaciones, por motivo de su aparente uso en la posesión ilegal de sustancias controladas en violación al Art. 404(a) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como Ley de Sustancias Controladas de Puerto Rico (Ley de Sustancias Controladas), 24 LPRA sec. 2404. Celebrada la vista preliminar del 23 de agosto de 2023 en el procedimiento penal instado en contra del señor De Jesús Rodríguez, el Tribunal de Primera Instancia emitió una determinación de no causa probable con relación al delito imputado. Luego, el 14 de septiembre de 2023, la Cooperativa de Seguros

---

[1] La orden de confiscación fue emitida el 3 de agosto de 2023 y notificada a Popular Auto, LLC (Popular Auto o parte recurrida) mediante carta del 17 de agosto de 2023. Popular Auto recibió esta carta el 22 de agosto de 2023. *Notificación de la confiscación*, Apéndice del *certiorari*, págs. 98-100.

Múltiples de Puerto Rico (Cooperativa) y Popular Auto presentaron una acción civil sobre impugnación de confiscación. Mientras tanto, en la vista preliminar en alzada celebrada el 10 de octubre de 2023, el foro primario determinó que no existía causa probable contra el señor De Jesús Rodríguez en el procedimiento penal.

En lo pertinente a la acción civil que nos ocupa, Popular Auto alegó ser el acreedor condicional del señor De Jesús Rodríguez por la compra del vehículo sobre el cual existía un gravamen mobiliario, mientras que la Cooperativa adujo que asumió la obligación de incoar la demanda sobre impugnación de confiscación en virtud de una póliza de seguro expedida a favor de Popular Auto. En esencia, argumentaron que la confiscación del vehículo era improcedente, inválida, nula e ilegal, ya que el señor De Jesús Rodríguez no cometió el delito que motivó la confiscación del automóvil y el Estado incumplió con los requisitos establecidos en la Ley de Confiscaciones.

Después de varios trámites procesales, el 7 de febrero de 2024, Popular Auto presentó una *Solicitud de sentencia sumaria*. En síntesis, planteó que no procedía la confiscación del vehículo del señor De Jesús Rodríguez debido al incumplimiento del Estado con el peso probatorio, pues éste no logró vincular el referido vehículo con la comisión de delito alguno y la presunta aplicación de la figura del impedimento colateral por sentencia tras la

determinación de no causa probable en el proceso penal.[2] Asimismo, adujo ser un tercero inocente que se encontraba ajeno a los hechos ilícitos acontecidos y afirmó tener un interés económico sobre el vehículo confiscado, basándose en el gravamen registrado en el Departamento de Transportación y Obras Públicas (DTOP).

El 20 de febrero de 2024, el Estado presentó una *Oposición a solicitud de sentencia sumaria*. En resumen, sostuvo que la doctrina de impedimento colateral por sentencia no aplicaba automáticamente a los procedimientos de impugnación de confiscación que compartían los mismos hechos de una acción penal previamente adjudicada.[3] En esa línea, alegó que el resultado del proceso penal que se originó a base de los hechos que motivaron la confiscación era inmaterial a la causa de acción civil del presente caso. Por último, el Estado planteó que la defensa bajo la doctrina del "tercero inocente" era improcedente y que la confiscación era un procedimiento de carácter *in rem*, distinto y separado de cualquier proceso *in personam*, por lo cual debía prevalecer la presunción de legalidad y corrección de la incautación realizada.

Posteriormente, el Tribunal de Primera Instancia emitió una *Sentencia* el 22 de febrero de 2024, en la cual declaró ha lugar la *Solicitud de sentencia sumaria* presentada por

---

[2]  *Solicitud de sentencia sumaria* presentada por Popular Auto, Apéndice del *certiorari*, pág. 90.

[3]  *Oposición a solicitud de sentencia sumaria* presentada por el Gobierno de Puerto Rico (Estado o parte peticionaria), Apéndice del *certiorari*, pág. 125.

Popular Auto.[4] El dictamen del foro primario se fundamentó exclusivamente en que el Estado alegadamente incumplió con los requisitos de la Regla 36.3 de Procedimiento Civil, *infra*, en su *Oposición a solicitud de sentencia sumaria*. Por consiguiente, el foro de primera instancia declaró nula e ineficaz la confiscación del vehículo. Inconforme con este resultado, el 6 de marzo de 2024, el Estado presentó una *Moción en reconsideración a sentencia sumaria*, la cual fue denegada mediante una *Resolución* emitida el 15 de marzo de 2024.

En desacuerdo con el dictamen del Tribunal de Primera Instancia, el 14 de mayo de 2024, el Estado presentó un recurso de *Apelación* ante el Tribunal de Apelaciones, en el cual expuso que el foro primario erró al declarar con lugar la *Solicitud de sentencia sumaria*. En específico, adujo que la doctrina de impedimento colateral no podía ser invocada para impugnar la confiscación de un bien sin una adjudicación expresa de que el mismo no fue utilizado en la comisión de un delito. Además, alegó que Popular Auto no demostró ser acreedor de la defensa del "tercero inocente".

Por su parte, el 12 de junio de 2024, Popular Auto presentó un *Alegato en oposición a apelación*. Así las cosas, el 28 de junio de 2024, el Tribunal de Apelaciones emitió una *Sentencia* mediante la cual confirmó el dictamen del Tribunal de Primera Instancia. En lo pertinente, el

---

[4] *Sentencia del Tribunal de Primera Instancia*, Apéndice del *certiorari*, pág. 136.

foro apelativo intermedio expresó lo siguiente:

> Luego de una examinación *de novo* del expediente, resolvemos que es de aplicación la doctrina de cosa juzgada en su modalidad de impedimento colateral. Contrario a lo que argumenta la apelante, una determinación de no causa en una Vista Preliminar en Alzada es, por su naturaleza, una determinación no revisable que constituye una adjudicación expresa, que tiene el efecto de eliminar el nexo causal entre la comisión de un delito y la propiedad confiscada.

> .    .    .    .    .    .    .    .

> [E]n el caso de epígrafe también resulta evidente que Popular Auto cumplió con los requisitos de la doctrina de tercero inocente cuando incorporó al contrato de compraventa la advertencia de que el titular se obligara a "cumplir con todas las leyes, reglamentos u [ó]rdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso". Debido a que la apelante tomó medidas cautelares expresas para evitar el uso ilícito de la propiedad y que el contrato constituyó la ley entre las partes, concluimos que no erró el foro primario al declarar con lugar la *Moción de Sentencia Sumaria* y en consecuencia determinar que la apelada quedaba cobijada bajo la doctrina de tercero inocente.

> En atención a lo anterior, y considerando que no surgen hechos controvertidos que impidan la resolución sumaria del presente caso, confirmamos el dictamen apelado.[5]

El 15 de julio de 2024, el Estado presentó una *Solicitud de reconsideración*, a la cual el foro apelativo intermedio proveyó no ha lugar mediante una *Resolución* emitida el 18 de julio de 2024.[6]

Aún inconforme, el 17 de septiembre de 2024, el Estado compareció ante este Tribunal mediante una *Petición de*

---

[5] *Sentencia del Tribunal de Apelaciones*, Apéndice del *certiorari*, págs. 202-203.

[6] El archivo en autos de copia de la *Resolución* fue el 19 de julio de 2024.

*certiorari* y expuso los señalamientos de error siguientes:

> Erró el Tribunal de Apelaciones al resolver que aplica la doctrina de impedimento colateral por sentencia a la impugnación de la confiscación del automóvil sin que en el procedimiento penal iniciado contra el señor De Jesús Rodríguez se adjudicase expresamente que el bien confiscado no fue utilizado en la comisión de delito alguno, como exige la *Ley Uniforme de Confiscaciones de 2011* y lo resuelto por esta Curia en *Universal Ins. Co. v. ELA*, 211 DPR 455 (2023).

> Erró el Tribunal de Apelaciones al reconocer la defensa de tercero inocente a Popular Auto, basándose en una cláusula general de cumplimiento legal del contrato de venta al por menor a plazos del automóvil confiscado.[7]

El 27 de septiembre de 2024, Popular Auto presentó ante este Foro un *Memorando en oposición a expedición de auto de certiorari*. Argumentó que la presente controversia no versaba sobre un asunto novel y que las determinaciones de los foros inferiores estaban fundamentadas en derecho, por lo que fueron emitidas sin abuso de discreción, prejuicio o parcialidad. Particularmente, planteó que la parte peticionaria no se opuso a la *Solicitud de sentencia sumaria* en conformidad con las reglas procesales aplicables en nuestro ordenamiento jurídico.

Luego de expedir el recurso, y con el beneficio de las comparecencias de las partes, al igual que la comparecencia de la Asociación de Bancos de Puerto Rico en calidad de *amicus curiae*, resolvemos.

---

[7] *Petición de certiorari*, pág. 10.

## II

**A. La moción de sentencia sumaria**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relacionado con la moción de sentencia sumaria, sus requisitos y su oposición. Cruz, López v. Casa Bella y otros, 213 DPR 980, 993 (2024). Véase, además, J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Estados Unidos, Publicaciones JTS, 2011, T. III, pág. 1038. Este mecanismo procesal faculta la solución rápida, justa y económica de los casos en los que no existen hechos materiales en controversia que requieran la celebración de un juicio y en los que sólo reste aplicar el derecho. Cruz, López v. Casa Bella y otros, *supra*; Oriental Bank v. Caballero García, 212 DPR 671, 678-679 (2023); Meléndez González *et al.* v. M. Cuebas, 193 DPR 100, 109 (2015). Así pues, de la prueba que acompaña la solicitud de sentencia sumaria debe surgir preponderantemente la inexistencia de controversia sobre los hechos medulares del caso. Cruz, López v. Casa Bella y otros, *supra*; Aponte Valentín *et al.* v. Pfizer Pharm., 208 DPR 263, 277 (2021); Zambrana García v. ELA *et al.*, 204 DPR 328, 341-342 (2020).

El tribunal procederá a dictar la sentencia solicitada si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como

cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente". Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V. Así pues, la parte que promueva la sentencia sumaria tiene el deber de exponer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. Oriental Bank v. Caballero García, *supra*, pág. 679; Meléndez González *et al.* v. M. Cuebas, *supra*, pág. 110.

Ahora bien, hemos destacado en el pasado que el hecho de que una parte presente una moción de sentencia sumaria no es garantía de que, una vez se determine su procedencia, simplemente haya que resolverla a favor del promovente. Luan Invest. Corp. v. Rexach Const. Co., 152 DPR 652, 666 (2000). Ciertamente, "[é]sta puede dictarse a favor o en contra del promovente según proceda en derecho". Cuevas Segarra, *op. cit.*, pág. 1040. De otra parte, la Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, provee para que el tribunal dicte sentencia sumaria a favor del promovente —**de proceder en derecho**— si la parte contraria no responde de forma detallada y específica a una solicitud debidamente formulada. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). De este modo, **"el tribunal no deberá emitir una sentencia sumaria cuando:** (1) existan hechos materiales controvertidos; (2) haya alegaciones afirmativas en la demanda que han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material, o **(4) como cuestión de derecho, ésta no proceda"**. (Negrilla

suplida). <u>Serrano Picón v. Multinational Life Ins.</u>, 212 DPR 981, 992 (2023).

Por último, es norma reiterada que los foros apelativos nos encontramos en la misma posición que los foros de primera instancia al evaluar la procedencia de una solicitud de sentencia sumaria. <u>Cruz, López v. Casa Bella y otros</u>, *supra*, pág. 994; <u>Birriel Colón v. Econo y otro</u>, 213 DPR 80, 91 (2023); <u>Oriental Bank v. Caballero García</u>, *supra*, pág. 680. Sin embargo, nuestra función se limita a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe alguna controversia genuina de hechos materiales y esenciales, y **(3) comprobar si el derecho se aplicó de forma correcta.** <u>Birriel Colón v. Econo y otro</u>, *supra*; <u>Segarra Rivera v. Int'l. Shipping *et al.*</u>, *supra*, pág. 981; <u>Meléndez González *et al.* v. M. Cuebas</u>, *supra*, págs. 114-116.

**B. Ley Uniforme de Confiscaciones de 2011**

**1. Introducción**

La confiscación es el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre los bienes que hayan sido utilizados en relación con la comisión de ciertos delitos. <u>Universal Ins. y otro v. ELA y otros</u>, 211 DPR 455, 463 (2023); <u>Coop. Seg. Mult. *et als.* v. ELA *et al.*</u>, 209 DPR 796, 804 (2022); <u>Reliable v. Depto. Justicia y ELA</u>, 195 DPR 917, 924 (2016). La Ley de Confiscaciones dispone que el Estado puede confiscar toda propiedad que resulte, sea producto o se utilice durante

la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando estos se encuentren tipificados en el Código Penal de Puerto Rico y en diversos estatutos como, por ejemplo, la Ley de Sustancias Controladas, entre otros. Art. 9 de la Ley de Confiscaciones, 34 LPRA sec. 1724f. Esta actuación gubernamental **"representa una excepción al mandato constitucional que prohíbe que el Estado tome propiedad privada para fines públicos sin justa compensación"**. (Negrilla en el original). Universal Ins. y otro v. ELA y otros, *supra*, pág. 463.

Hemos reconocido que existen dos (2) modalidades del proceso de confiscación, a saber: la confiscación *in personam* y la confiscación *in rem*. Íd., págs. 463-464; Coop. Seg. Mult. *et als.* v. ELA *et al.*, *supra*, pág. 805. Por un lado, la confiscación *in personam* es de carácter penal, ya que se configura como una sanción a raíz de un veredicto de culpabilidad en un procedimiento criminal. Universal Ins. y otro v. ELA y otros, *supra*, pág. 464; Coop. Seg. Mult. *et als.* v. ELA *et al.*, *supra*. Por otra parte, **el procedimiento *in rem* constituye una acción civil, independiente de cualquier otro procedimiento penal, dirigida contra la cosa misma y no contra el dueño de la propiedad, poseedor, encargado o cualquier otra persona con interés legal sobre el bien**. Universal Ins. y otro v. ELA y otros, *supra*; Coop. Seg. Mult. *et als.* v. ELA *et al.*, *supra*. **Esta última modalidad es la que rige en nuestro**

**ordenamiento jurídico al amparo de la Ley de Confiscaciones**.

La Asamblea Legislativa fijó expresamente en la ley la naturaleza *in rem* de las confiscaciones, independiente de cualquier otra acción de naturaleza penal, administrativa o de cualquier otra naturaleza. Véase Art. 8 de la Ley de Confiscaciones, 34 LPRA sec. 1724e. El referido artículo dispone que "[l]os procesos de confiscación bajo este capítulo podrán llevarse a cabo y culminarse antes de que se acuse, se declare culpable o absuelva al acusado". Íd. En ese sentido, la Asamblea Legislativa estableció que, "**[d]ebido al carácter civil del proceso, <u>la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación, solo deberá tomarse en cuenta la adjudicación de los hechos en sus méritos</u>**". (Negrilla y subrayado suplidos). Íd.

Dicho esto, la procedencia de una confiscación *in rem* efectuada por el Estado se sostendrá si: **(1) existe prueba suficiente y preponderante de que se ha cometido un delito, y (2) existe un nexo entre la comisión del delito y la propiedad confiscada.** Universal Ins. y otro v. ELA y otros, *supra*, pág. 466. Por otro lado, es importante destacar que **la Asamblea Legislativa estableció una presunción a favor de la legalidad y corrección de la confiscación efectuada por el Estado, independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento con relación a los mismos hechos.** Art. 15 de la Ley de Confiscaciones, 34 LPRA sec. 1724l.

En armonía con lo expuesto, el referido artículo le impone al demandante el peso de la prueba para derrotar la legalidad de la confiscación. Íd. En atención a estos preceptos que rigen en los procedimientos de impugnación de confiscación, **el demandante tiene el peso de demostrar mediante preponderancia de la prueba que la propiedad confiscada no se utilizó en una actividad delictiva.** Como corolario de lo expuesto, **la culpabilidad o inocencia del propietario en el proceso criminal carece de relevancia en cuanto a la procedencia o no de la confiscación civil.** Universal Ins. y otro v. ELA y otros, *supra*, págs. 467-468.

> ### 2. La doctrina de impedimento colateral por sentencia en las impugnaciones de confiscación

En cuanto a la aplicación de la doctrina de impedimento colateral por sentencia en los procedimientos de impugnación de confiscación, la Asamblea Legislativa decretó lo siguiente:

> Se dispone que, **no será de aplicación en los procesos de confiscación, la doctrina de impedimento colateral por sentencia en las siguientes instancias:**
>
> (a) Cuando el acusado haya hecho alegación de culpabilidad;
>
> (b) cuando el acusado se someta a un programa de desvío;
>
> (c) cuando el acusado fallezca antes o en medio del proceso que se esté llevando a cabo contra su persona;
>
> **(d) en ausencia de alguna adjudicación expresa en otro proceso penal, civil o administrativo, que se celebre por los mismos hechos que dieron lugar a la confiscación, en la cual se**

**determine que el bien confiscado no fue utilizado en la comisión de algún delito**; y

(e) en cualquier otra instancia que no se cumplan con los requisitos de la doctrina. (Negrilla y subrayado suplidos). Art. 8 de la Ley de Confiscaciones, *supra*.

Recientemente, al interpretar esta disposición, resolvimos que "ausente la evidencia conducente a derrotar la presunción de legalidad y corrección de una confiscación civil, no puede esta impugnarse por medio de una solicitud de sentencia sumaria que se funde —exclusivamente— en la doctrina de impedimento colateral por sentencia". (Negrilla omitida). Universal Ins. y otro v. ELA y otros, *supra*, pág. 475. **En ese caso revocamos el dictamen del Tribunal de Apelaciones por aplicar la doctrina del impedimento colateral a la luz de una determinación de no causa probable para arresto y la desestimación de los cargos en la acción penal.** Íd.

Consecuentemente, **determinamos que la figura de impedimento colateral por sentencia no podía ser invocada para derrotar sumariamente la impugnación confiscatoria civil, pues en realidad no surgía del expediente una adjudicación expresa en otro proceso que estableciera que el bien confiscado no fue utilizado en la comisión de algún delito.** Íd., págs. 474-475. Ahora bien, reconocimos que "el litigante que impugne una confiscación podría prevalecer, en la eventualidad que cuente con prueba de que se ha configurado una excepción a la prohibición que surge de la [Ley de Confiscaciones]". Íd., pág. 475.

### 3. La doctrina del tercero inocente

Este Tribunal ha desarrollado la doctrina del "tercero inocente" en aras de proteger los intereses económicos y propietarios de terceros sobre un vehículo confiscado. Flores Pérez v. ELA, 195 DPR 137, 148-149 (2016); First Bank, Univ. Ins. Co. v. E.L.A., 156 DPR 77, 83 (2002); General Accident Ins. Co. v. ELA, 137 DPR 466, 472-473 (1994). En particular, hemos reconocido jurisprudencialmente la aplicación de esta defensa **"[s]i [el infractor] no obtuvo la posesión del vehículo de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresas de quien le entregó dicha posesión, de modo que incurrió en conducta constitutiva de lo que antes se tipificaba como hurto de uso**". (Negrilla y subrayado suplidos). General Accident Ins. Co. v. ELA, *supra*, pág. 474.

Históricamente, el delito de hurto de uso consistía en tomar determinada propiedad, sin autorización de su dueño o de quien debidamente lo representaba,[8] **con el objeto de usar la misma temporalmente**. Pueblo v. Concepción Sánchez, 101 DPR 17, 19 (1973). En ese espíritu es que, por ejemplo, en Flores Pérez v. ELA, *supra*, pág. 155, decidimos que una

---

[8] En el caso de Pueblo v. Rodríguez Vallejo, 100 DPR 426, 433 esc. 4 (1971), este Tribunal manifestó que el delito de hurto de uso de automóvil debía abolirse para convertirse en uno de hurto, ya que las distinciones entre los delitos ocasionaban dificultades procesales en muchos casos de hurto de automóviles. Así pues, desde el Código Penal de 1974 prevalece la consolidación de un tipo general bajo el delito de apropiación ilegal. D. Nevares Muñiz, *Código Penal de Puerto Rico comentado*, 4ta ed., San Juan, Inst. Desarrollo del Derecho, 2019, págs. 286-287.

madre que autorizó a su hijo a utilizar un vehículo exclusivamente para asistir a una convención relacionada a sus estudios universitarios, pernoctar en un pueblo cercano al lugar de la actividad y retornar al día siguiente, tomó las medidas cautelares expresas para evitar que su vehículo se utilizara con fines contrarios a la ley. Por consiguiente, en ese caso determinamos que la propietaria del vehículo merecía ser considerada como "tercero inocente", ya que su hijo se apartó sustancialmente de las medidas cautelares expresas que tomó ésta al prestar su vehículo. Íd.

En First Bank, Univ. Ins. Co. v. E.L.A., *supra*, pág. 83, expresamos que una entidad financiera y su aseguradora bajo un contrato de venta condicional podrían ser considerados terceros inocentes si se establecían los elementos que acreditaban tal condición. Sin embargo, allí determinamos que las entidades no lograron establecer su carácter de terceros inocentes. Esto se debe a que no presentaron prueba para demostrar que la posesión del vehículo no se obtuvo por voluntad del dueño o que el dueño del vehículo tomó medidas cautelares para prevenir la actividad delictiva y que el infractor se apartó sustancialmente de las instrucciones específicas. Íd., págs. 84-85. Por tanto, este Tribunal no favoreció la aplicación de la doctrina del tercero inocente.

Por otro lado, en General Accident Ins. Co. v. E.L.A., *supra*, págs. 467-468, tuvimos que dilucidar si una entidad bancaria que proveyó el financiamiento de un vehículo

confiscado, así como su aseguradora, eran considerados "terceros inocentes" al amparo de esta doctrina bajo la anterior Ley Núm. 93 de 13 de julio de 1988, según enmendada, conocida como Ley Uniforme de Confiscaciones de 1988, 34 LPRA ant. sec. 1723 *et seq*. En aquel momento, ciertas entidades bancarias y sus respectivas compañías aseguradoras afirmaron ser terceros inocentes, ajenos a los actos delictivos que dieron lugar a las confiscaciones de los vehículos, por lo cual instaron varias acciones ante diferentes foros judiciales para impugnar dichas incautaciones.[9] Luego de evaluar los requisitos jurisprudenciales de la doctrina, así como los hechos específicos, resolvimos que las entidades financieras y sus compañías aseguradoras no eran terceros inocentes, pues en ninguno de los casos se logró demostrar que el infractor obtuvo la posesión del vehículo sin el consentimiento del dueño o se apartó sustancialmente de las instrucciones particulares impartidas, de manera que incurriese en lo que antes se tipificaba como delito de hurto de uso. General Accident Ins. Co. v. E.L.A., *supra*, pág. 475.

En otro caso análogo atendido por este Foro, la cesionaria de un contrato de venta condicional de un vehículo confiscado al amparo de la Ley de Espíritus y Bebidas Alcohólicas del 30 de junio de 1936 solicitó la devolución del automóvil. General Motors Acceptance v.

---

[9] Las acciones fueron consolidadas por este Foro, pues los casos presentaban la misma controversia. Véase General Accident Ins. Co. v. E.L.A., *supra*, pág. 468.

Brañuela, 60 DPR 696 (1942). **Su petición se fundó principalmente en el incumplimiento del contrato de venta condicional por parte de la compradora, al permitir que se utilizara el vehículo para transportar licores en violación de la ley.** La apelante argumentó que no tuvo conocimiento ni consintió al uso ilegal del vehículo, por lo que sus derechos no podían verse afectados. General Motors Acceptance v. Brañuela, *supra*, pág. 700. Allí, confirmamos el dictamen que declaró sin lugar su petición para recuperar el vehículo, pues determinamos que el argumento esbozado era poco sólido para concluir que era un "tercero inocente" de acuerdo con los requisitos de la doctrina. Íd.

Por último, debemos recordar que la aplicación de la defensa del "tercero inocente" es excepcional, **ya que es un principio claramente establecido en nuestro ordenamiento jurídico que aquel que cede o entrega la posesión de un vehículo voluntariamente, por lo general, asume el riesgo del uso ilegal que pudiera dársele al mismo.** Flores Pérez v. ELA, *supra*, pág. 149. Al mismo tiempo, hemos expresado que no toda entrega de la posesión de un vehículo tiene iguales motivaciones, ni idéntica justificación, ni la misma necesidad, ni propósitos similares. Íd.; General Accident Ins. Co. v. E.L.A., *supra*, pág. 474; Del Toro Lugo v. E.L.A., 136 DPR 973, 987-988 (1994); Carlo v. Srio. de Justicia, 107 DPR 356, 362 (1978); Ochoteco v. Tribunal Superior, 88 DPR 517, 528 (1963). En ese sentido, **al examinar la aplicación de la**

**doctrina del "tercero inocente", hemos advertido reiteradamente "que cada caso debe resolverse conforme a sus particularísimos hechos".** General Accident Ins. Co. v. E.L.A., *supra*, pág. 474.

Expuesta la normativa aplicable, pasemos ahora a evaluar los planteamientos de la primera controversia.

### III

### A

Por un lado, el Estado sostiene que el Tribunal de Apelaciones erró al concluir que la doctrina de cosa juzgada, en su modalidad de impedimento colateral por sentencia, aplicaba a la impugnación de la confiscación del vehículo en controversia. Al respecto, argumenta que dicha determinación es contraria a lo pautado por este Tribunal en Universal Ins. y otro v. ELA y otros, *supra*.[10] Más aún, la parte peticionaria plantea que, si bien el citado precedente se estableció en el contexto de una determinación de no causa en una vista de causa probable para arresto, el mismo razonamiento debe emplearse en el caso de una determinación de no causa para acusar en la etapa procesal penal posterior de vista preliminar.

En cambio, gran parte del argumento de Popular Auto se centra en el supuesto de que la parte peticionaria incumplió con su deber de responder de forma detallada a los hechos propuestos en la solicitud de sentencia

---

[10] *Alegato del Gobierno de Puerto Rico*, pág. 20.

sumaria.[11]    En cuanto a la aplicación de la doctrina de impedimento colateral por sentencia, la parte recurrida pretende distinguir el caso de autos del de Universal Ins. y otro v. ELA y otros, *supra*, al sostener que en este litigio sí aplica la mencionada doctrina como resultado de un dictamen de no causa probable sobre el delito imputado en la etapa de vista preliminar.[12]    En consecuencia, sostiene que el Estado no logró demostrar la existencia de evidencia suficiente para establecer el nexo causal entre la conducta delictiva y el vehículo ocupado.[13] Sin embargo, partiendo de los hechos incontrovertidos expuestos por Popular Auto, determinamos que la presente controversia **no** se diferencia considerablemente de la atendida por este Tribunal en el caso de Universal Ins. y otro v. ELA y otros, *supra*, por lo cual extendemos su aplicación al caso que nos ocupa.    Veamos.

En primer lugar, debemos señalar que el hecho de que una parte presente una solicitud de sentencia sumaria en conformidad con las reglas procesales dispuestas en nuestro ordenamiento civil no garantiza que sea concedida a su favor.    Del mismo modo, el que una parte promovida no responda de forma detallada a una solicitud debidamente formulada, tampoco garantiza que un tribunal dicte sentencia sumaria a favor de la parte promovente.

---

[11] *Alegato de Popular Auto, LLC*, pág. 22.

[12] Íd., pág. 21.

[13] Íd.

Ciertamente, como norma general, la parte promovida no debe cruzarse de brazos, pues se arriesga a que —con gran probabilidad— se dicte sentencia sumaria en su contra, si procede en derecho.[14]  No obstante, una solicitud de sentencia sumaria debidamente formulada que se enfrenta a una oposición que incumple con los requisitos procesales no debe ser concedida automáticamente.  Lo anterior se fundamenta en la necesidad de evaluar la juridicidad del remedio solicitado, puesto que un tribunal no debe emitir una sentencia sumaria cuando, como cuestión de derecho, ésta no proceda.

Aclarado este extremo, el Art. 8 de la Ley de Confiscaciones, *supra*, dispone que la doctrina de impedimento colateral por sentencia no aplicará en los procesos de confiscación, en ausencia de alguna adjudicación expresa en otro proceso celebrado por los mismos hechos que dieron lugar a la confiscación, **en la que se decrete que el bien confiscado no fue utilizado en la comisión de algún delito**.  Valga resaltar que, ante el carácter *in rem* e independiente del procedimiento de confiscación, el desenlace de la acción penal contra **el propietario** constituye un hecho inmaterial e inconsecuente para establecer que **el bien confiscado** no ha sido utilizado en alguna actividad delictiva.  Después de todo, según el citado artículo, lo determinante en la acción civil es si se utilizó o no el bien en cuestión en la comisión de un

---

[14]  Véase J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., Estados Unidos, Publicaciones JTS, 2011, T. III, págs. 1061-1062.

delito, independientemente del resultado de cualquier acción criminal o de alguna otra naturaleza.

En conformidad con lo expuesto, para que proceda una confiscación, en la acción civil debe: (1) existir prueba preponderante de que se ha cometido un delito, y (2) demostrarse que existe un nexo entre la comisión del delito y la propiedad confiscada. También es importante subrayar que, de acuerdo con el Art. 15 de la Ley de Confiscaciones, *supra*, al Estado le asiste una presunción de legalidad y corrección en el proceso civil de confiscación. En ese sentido, el peso de la prueba para rebatir tal presunción y derrotar la legalidad de la confiscación recae sobre la parte demandante y no sobre el Estado.

Según mencionáramos, la controversia de este caso no es significativamente diferente a la de <u>Universal Ins. y otro v. ELA y otros</u>, *supra*. Allí resolvimos que, en ausencia de las circunstancias contempladas en el Art. 8 de la Ley de Confiscaciones, *supra*, la figura del impedimento colateral por sentencia no podía ser invocada en un procedimiento de impugnación de confiscación como fundamento para obtener un dictamen sumario contra el Estado. En particular, sabemos que una determinación de no causa probable en una vista preliminar bien pudiera deberse a que no se logró establecer un nexo entre la actuación delictiva y **el imputado**, entre otros motivos. Por lo tanto, contrario a lo interpretado por el foro apelativo intermedio, **concluimos que esta determinación no**

**adjudica expresamente el hecho esencial de que <u>el vehículo</u> no haya sido utilizado en la comisión de una actividad o acto ilegal, lo cual en su día podría establecerse mediante preponderancia de la prueba en la acción civil.**

Sin lugar a dudas, del dictamen emitido en el proceso penal no surge una adjudicación expresa a tales fines. En consecuencia, a la luz del texto claro de la Ley de Confiscaciones, *supra*, y en armonía con nuestro precedente en <u>Universal Ins. y otro v. ELA y otros</u>, *supra*, **resolvemos que una determinación de no causa probable en una vista preliminar en alzada, sin más, no constituye una adjudicación expresa de que el vehículo confiscado no ha sido utilizado en actividad criminal alguna.** Consecuentemente, determinamos que erró el Tribunal de Apelaciones al aplicar la doctrina de impedimento colateral por sentencia en la acción impugnatoria en controversia.

**B**

El segundo asunto que nos ocupa gira en torno a la aplicación de la doctrina del "tercero inocente" a favor de Popular Auto, en virtud de una cláusula en el contrato de venta al por menor a plazos del vehículo confiscado. En específico, la cláusula en controversia dispone lo siguiente:

> "Usted se obliga a conservar el Vehículo en perfecta condición, con excepción del desgaste natural y a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso".[15]

---

[15] *Contrato de venta al por menor a plazos*, Apéndice del *certiorari*, pág. 103.

El Estado sostiene que la generalidad de esta cláusula contractual impide que Popular Auto se ampare en la doctrina del tercero inocente.[16] Alega que la misma no imparte una medida cautelar lo suficientemente específica y particularizada como para evitar el uso ilícito del vehículo. Así pues, aduce que no procede su aplicación en conformidad con el estándar jurisprudencial aplicable, pues de lo contrario cualquier cláusula contractual de esta naturaleza vulneraría automáticamente el carácter *in rem* de la confiscación. **Coincidimos con la parte peticionaria**.

En el caso de Flores Pérez v. ELA, *supra*, resolvimos que procedía extender el reconocimiento de la defensa del tercero inocente, en conformidad con su desarrollo jurisprudencial, bajo el esquema de la Ley de Confiscaciones vigente. Del mismo modo, concluimos que existía base suficiente para aplicar la defensa del tercero inocente a favor de la parte demandante en la acción impugnatoria de acuerdo con el cuadro fáctico allí presentado y los requisitos dispuestos en la jurisprudencia. Sin embargo, hemos manifestado en múltiples ocasiones "que cada caso debe resolverse conforme a sus particularísimos hechos". General Accident Ins. Co. v. E.L.A., *supra*, pág. 474. **Por esta razón, reiteramos la necesidad de que cada caso debe ser evaluado conforme a sus hechos particulares para determinar la aplicación de**

---

[16] *Alegato del Gobierno de Puerto Rico*, pág. 22.

**la doctrina del tercero inocente bajo la Ley de Confiscaciones.**

Popular Auto alega que el único criterio para la aplicación de la doctrina estriba en que las medidas cautelares sean expresas, ante lo cual sostiene haber cumplido con este parámetro en virtud de la cláusula contractual en controversia.[17] **No le asiste la razón en su planteamiento.** Es importante aclarar que este no es el único criterio que los tribunales deben considerar para determinar si aplica la doctrina del tercero inocente. Las presuntas instrucciones o medidas cautelares no pueden evaluarse en abstracción de los hechos particulares que dan margen a la entrega de la posesión del vehículo ni del resto de los requisitos aplicables bajo esta doctrina. Y es que debemos recordar que no toda entrega de vehículo tiene iguales motivaciones, ni idéntica justificación, ni la misma necesidad, ni propósitos similares.

La cualidad de "tercero inocente" está ligada a la naturaleza de la posesión o el uso del vehículo por parte del infractor. Es decir, esta doctrina se configura cuando el infractor no ha obtenido la posesión del vehículo de manera voluntaria o cuando se aparta sustancialmente de las instrucciones específicas del dueño que cedió la posesión, de modo que haya incurrido en la conducta que antes se tipificaba como hurto de uso. En este caso, la parte recurrida no nos ha puesto en posición de determinar

---

[17]   *Alegato de Popular Auto, LLC*, pág. 23.

que el presunto infractor no obtuvo la posesión del vehículo voluntariamente o que incurrió en lo que antes se tipificaba como hurto de uso.

Nótese que el argumento de Popular Auto se basa en que le instruyó al dueño registral del vehículo que no podría utilizar el mismo para fines ilícitos a través de una cláusula en un contrato de venta al por menor a plazos. **De este modo, el presunto infractor advino en posesión del vehículo voluntariamente como parte del negocio jurídico de la compraventa. Es decir, la motivación detrás de la entrega de la posesión del vehículo en este contexto es eminentemente transaccional y no está supeditada al cumplimiento de una instrucción específica sobre un uso autorizado, sino al pago de un precio en virtud del financiamiento del vehículo.**

Por otro lado, la aseveración de que el dueño registral del vehículo pudiera haber incurrido en la conducta de hurto de uso sobre su propio auto es un contrasentido. Ciertamente, no se trata del tipo de entrega ni el uso al que hemos hecho referencia en los casos que sí hemos aplicado la referida doctrina, donde quien cede la posesión retiene el control inmediato y el dominio del vehículo. Más bien, aquí procede aplicar la regla general en la que los derechos de quienes poseen un interés económico y propietario corren la misma suerte del uso que se le ha dado al vehículo. Por ende, bajo las circunstancias específicas de este caso, no podemos concluir que aplica

la excepción de la doctrina del tercero inocente a favor de la entidad bancaria.

Por otra parte, iguales consideraciones de política pública a las expuestas en el caso de General Accident Ins. Co. v. E.L.A., *supra*, págs. 476-477, nos llevan a este resultado. Sostener la aplicación de la doctrina del tercero inocente al amparo de este tipo de cláusula contractual debilitaría drásticamente el esquema confiscatorio creado por la Asamblea Legislativa y vulneraría el propósito de penalizar el uso de los vehículos que son utilizados como instrumentos del crimen. Íd., pág. 476. Este resultado implicaría concederles una protección automática a las entidades financieras contra las confiscaciones realizadas por el Estado, ya que la gran mayoría de los vehículos en Puerto Rico se adquieren al suscribir un contrato de venta al por menor a plazos. En última instancia, esta protección es un asunto de política pública que le correspondería establecer a la Asamblea Legislativa y no a este Tribunal.[18]

Por último, destacamos que las entidades financieras no quedan desprovistas de protección legal, pues aunque el vehículo haya sido confiscado, subsiste su derecho a una acción judicial en cobro de dinero por el balance adeudado. Como hemos reconocido, "de ordinario, al momento de

---

[18] Hemos expresado que "[e]n algunas jurisdicciones norteamericanas, estatutariamente se ha reconocido que, bajo determinadas circunstancias, el interés del acreedor de un contrato de venta condicional gozará de alguna protección contra la confiscación de un vehículo por el Estado". General Accident Ins. Co. v. E.L.A., 137 DPR 466, 476 esc. 4 (1994).

financiar la venta de un vehículo de motor, las compañías bancarias y comerciales que se dedican a ese negocio prevén la posibilidad de la pérdida ocasional de su interés por razón de una confiscación y toman medidas para protegerse contra dicho tipo de pérdida, exigiendo seguros a su favor, de modo que puedan recuperar la inversión económica realizada". General Accident Ins. Co. v. E.L.A., *supra*, pág. 477.

En conclusión, consideramos que el Tribunal de Apelaciones erró al aplicar la doctrina de impedimento colateral en contravención a lo resuelto por este Tribunal en Universal Ins. y otro v. ELA y otros, *supra*. De igual forma, determinamos que a Popular Auto no le ampara la defensa del "tercero inocente" en virtud de la cláusula contractual en controversia y los requisitos jurisprudenciales de la doctrina. Reiteramos, una vez más, que la aplicación de la doctrina del tercero inocente bajo la Ley de Confiscaciones requiere un análisis particularizado de los hechos de cada caso.

**IV**

Por las razones antes expresadas, revocamos la *Sentencia* emitida por el Tribunal de Apelaciones el 28 de junio de 2024, así como la *Sentencia* emitida por el Tribunal de Primera Instancia el 22 de febrero de 2024, y devolvemos el caso al foro primario para la continuación de los procedimientos.

Se dictará *Sentencia* en conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Cooperativa de Seguros Múltiples de Puerto Rico y Popular Auto, LLC<br><br>Recurridos<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico y otros<br><br>Peticionarios | CC-2024-570 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 5 de agosto de 2025.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, revocamos la *Sentencia* emitida por el Tribunal de Apelaciones el 28 de junio de 2024, así como la *Sentencia* emitida por el Tribunal de Primera Instancia el 22 de febrero de 2024, y devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente y emite la expresión siguiente:

Disiento por los mismos fundamentos que esbocé en mis expresiones disidentes en Universal Ins. y otro v. ELA y otros, 211 DPR 455 (2023) y en mi Opinión Disidente en MAPFRE *et al.* v. ELA, 209 DPR 910 (2022). Al igual que en los referidos casos, en el caso de epígrafe se confiscó un vehículo de motor por la presunta ocurrencia de conducta delictiva. No obstante, en la vista preliminar en alzada se determinó que no había causa para acusar al presunto ofensor. Ante ello —y al amparo de la postura que defendí en aquellos pronunciamientos— procedía declarar nula la incautación practicada. En vista de la estrecha relación de ambos procesos, correspondía

aplicar la doctrina de impedimento colateral por sentencia, resolver sumariamente que la incautación no se realizó conforme a derecho y decretarla inválida.

El Juez Asociado señor Estrella Martínez disiente y hace constar la expresión siguiente, a la cual se une la Jueza Presidenta Oronoz Rodríguez:

Una vez más, este Tribunal amplía una construcción jurídica ficticia en materia de confiscaciones civiles que resulta incompatible con los principios fundamentales de nuestro ordenamiento constitucional. En esta ocasión, la mayoría reafirma erróneamente que no procede anular la confiscación de un vehículo al amparo de la doctrina de impedimento colateral por sentencia, salvo que exista una adjudicación expresa —en un proceso penal, civil o administrativo— que establezca que el bien confiscado no fue utilizado en la comisión de un delito. Esta postura valida, de manera incorrecta, que una determinación de no causa probable emitida en una vista preliminar en alzada no constituye una adjudicación expresa que exonere a la propiedad en cuestión dentro de un proceso confiscatorio civil.

Asimismo, la mayoría concluye, también de forma equivocada, que la entidad financiera titular del vehículo confiscado no tiene derecho a la protección que brinda la defensa del tercero inocente, en virtud de una cláusula contenida en el contrato de compraventa. Tal determinación, además de errada, lesiona los derechos de las entidades que otorgan financiamiento sobre bienes sin tener conocimiento ni participación alguna en la presunta actividad delictiva que se imputa al deudor.

En este contexto, disiento respetuosamente por las razones que expresé en mis opiniones disidentes en *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023) y *Coop. Seg. Múlt. et als. v. ELA et al.*, 209 DPR 796 (2022). En esta última, reiteré que "la confiscación civil de un bien sin mediar una convicción penal vulnera las garantías del debido proceso de ley, a no ser privado de la propiedad sin justa compensación, la prohibición contra multas excesivas y registros y allanamientos irrazonables, así como la presunción de inocencia". *Íd.*, págs. 812-813. Este menoscabo a las garantías constitucionales persiste, incluso, en casos como el presente en los que en una vista preliminar en alzada no hubo una determinación judicial de causa probable para acusar a la persona vinculada al bien confiscado.

A mi juicio, la confiscación de un bien sin que medie una condena penal constituye un impedimento colateral por sentencia en el pleito civil en el cual se impugna la confiscación realizada por el Estado. Lo anterior abarca situaciones en donde ni siquiera se han presentado cargos criminales, cuando estos no prosperaron en la etapa de vista preliminar o en los que hubo una determinación de no culpabilidad tras celebrarse un juicio en su fondo. Por tanto, una determinación de no causa en una vista preliminar o en una vista preliminar en alzada —como ocurrió en este caso— es, por su naturaleza, una determinación no revisable que constituye una adjudicación expresa.

Es preciso señalar que este Tribunal reafirma que, para que una confiscación *in rem* o civil sea procedente, deben cumplirse dos (2) requisitos fundamentales: primero, debe presentarse prueba suficiente y preponderante de que se ha cometido un delito; y segundo, debe establecerse un nexo entre ese delito y el bien confiscado. Por tanto, como se observa en este caso, si en un procedimiento penal, particularmente en la etapa de vista preliminar, no existe prueba suficiente para demostrar la comisión de un delito, no es posible cumplir con el segundo requisito. Así pues, la determinación de no causa tiene el efecto jurídico de romper el nexo causal entre el presunto delito y la propiedad confiscada. En consecuencia, ello impide la confiscación civil de un bien que, por su naturaleza, es inherentemente lícito.

Nótese que la confiscación representa una forma de privación de propiedad que debe cumplir con las garantías mínimas del debido proceso de ley. Art. II, Sec. 9, Const. PR, LPRA, Tomo 1. Además, la mera designación formal de un procedimiento de confiscación como civil o criminal no resuelve la interrogante sobre su verdadera naturaleza y propósito punitivo. En efecto, la confiscación actúa, en la práctica, como una sanción penal adicional impuesta contra quienes se presume han incurrido en conducta delictiva. *Bco. Bilbao Vizcaya et al. v. ELA et al.*, 194 DPR 116, 156 (2015) (Voto particular disidente del Juez Asociado señor Estrella Martínez); *Centeno Rodríguez v. E.L.A.*, 170 DPR 907, 913 (2007); *Santiago v. Supte. Policía de P.R.*, 151 DPR 511, 515-516 (2000); *Del Toro Lugo v. E.L.A.*, 136 DPR 973, 987 (1994); *Carlo v. Srio. de Justicia*, 107 DPR 356, 362 (1978). Por consiguiente, en ausencia de prueba suficiente para acreditar la comisión de un delito, resulta insostenible y carece de fundamento jurídico el pretender que subsiste un nexo causal entre ese presunto acto o evento delictivo y el bien objeto de confiscación.

Enfatizo que no podemos reconocer como jurídicamente válida una interpretación aislada y textualista de Ley Núm. 119-2011, conocida como la *Ley Uniforme de Confiscaciones*, 34 LPRA sec. 1724 *et seq.*, sin integrar en ese análisis las protecciones constitucionales aplicables. En ese sentido, no puede considerarse constitucional que la ley declare irrelevante la culpabilidad o no culpabilidad del propietario en cuanto a la procedencia de la confiscación civil. Sostener la validez de esta ficción legal es, en definitiva, incompatible con los postulados de nuestro ordenamiento constitucional. Véase, *Coop. Seg. Múlt. et als. v. ELA et al.*, *supra*, pág. 812 (Opinión disidente del Juez Asociado señor Estrella Martínez).

Por último, la mayoría de este Tribunal concluye que la entidad financiera titular del vehículo confiscado no tiene derecho a acogerse a la defensa del tercero inocente. Según su criterio, la cláusula incluida en el contrato de venta es de carácter general y, por ello, no constituye una medida cautelar lo suficientemente específica como para evitar el uso ilícito del vehículo, entre otros aspectos. A mi juicio, la entidad financiera actuó correctamente al incorporar una advertencia en la que el titular se obliga a cumplir con todas las leyes, reglamentos y órdenes emitidas por cuerpos gubernamentales aplicables al vehículo o a su uso. Soy del criterio que exigir al acreedor que especifique de forma particularizada en el contrato de venta cada posible norma cuya infracción pudiera dar lugar a la confiscación civil impondría una carga desproporcionada e irrazonable en nuestro ordenamiento jurídico. Por ello, procedía aplicar la doctrina del tercero inocente a su favor.

En fin, reitero mis pronunciamientos anteriores en materia de confiscaciones civiles y, por consiguiente, disiento respetuosamente.

El Juez Asociado señor Colón Pérez disiente y hace constar la expresión siguiente, a la cual se une la Jueza Presidenta Oronoz Rodríguez:

En esta ocasión, -- **y estando llamados y llamadas a determinar si, tras una determinación de no causa en vista preliminar en alzada, procedía aplicar la doctrina de impedimento colateral por sentencia en una acción civil de impugnación de confiscación de determinado bien** --, una mayoría de mis compañeros y compañeras de estrado, en un proceder a todas luces erróneo, concluyen que esta última no es de aplicación al caso de autos. A su entender, una

determinación de no causa en la vista preliminar en alzada, sin más, no constituye una adjudicación expresa de que el vehículo confiscado no ha sido utilizado en actividad criminal alguna, según requerido por la Ley Núm. 119-2011, también conocida como la *Ley uniforme de confiscaciones*, 34 LPRA 1724 *et seq.* (en adelante, "Ley de confiscaciones"). Mediante dicho dictamen, éstas y éstos vuelven a emplear de forma automática la ficción jurídica, -- una totalmente desacreditada --, en la que se sostiene la confiscación civil o *in rem*, a saber, la de culpar a la cosa misma por participar en la comisión de determinado delito. *Coop. Seg. Múlt. v. E.L.A.*, 180 DPR 655, 666 (2011); *Suárez v. E.L.A.*, 162 DPR 43, 52 (2004); *Del Toro Lugo v. E.L.A.* 136 DPR 973, 982 (1994). Con ello, como ya hemos sentenciado en el pasado, no podemos estar de acuerdo.

**Y es que, -- según hemos expresado consistentemente en controversias muy similares a las que hoy nos ocupan --, somos de la postura que la confiscación de un vehículo de motor por parte del Estado se invalida cuando no se logran presentar cargos criminales, por aquellos hechos que motivaron el referido proceso confiscatorio, en contra de la persona propietaria o dueña del bien.** Véase, *Universal Insurance Comp. v. E.L.A.*, 211 DPR 455, 488-490 (2023) (Colón Pérez, opinión disidente); *Coop. Seg. Múlt. et als. v. E.L.A. et als.*, 209 DPR 796, 826-848 (2022) (Colón Pérez, opinión disidente). **Lo anterior, puesto que en tales instancias no hay vínculo entre el vehículo confiscado y el delito imputado.** *Universal Insurance Comp. v. E.L.A.*, *supra*, págs. 489-490 (Colón Pérez, opinión disidente); *Coop. Seg. Múlt. et als. v. E.L.A. et als.*, *supra*, pág. 846 (Colón Pérez, opinión disidente).

Así pues, insistimos una vez más, un vehículo de motor no puede ser autor o coautor de un delito. **En otras palabras, --independientemente de las distintas razones por las cuales pueda culminar el proceso penal sin un dictamen de culpabilidad --, para que proceda la confiscación civil de un bien de este tipo, es necesario demostrar, entre otras cosas, que determinada persona, en efecto, cometió un delito.** En ausencia de ello, el vehículo de motor no puede ser objeto de confiscación.

Sobre esto último, debemos recordar que la Ley de confiscaciones, *supra*, a pesar de su naturaleza civil, opera como disuasivo a la actividad criminal. Exposición de motivos, Ley de confiscaciones, *supra*; *Coop. Seg. Múlt. et als. v. E.L.A. et als.*, *supra*, pág. 837 (Colón Pérez, opinión disidente). En ese sentido, los tribunales venimos llamados a

interpretarla **de forma restrictiva**. *Coop. Seg. Múlt. et als. v. E.L.A. et als.*, *supra*, pág. 840 (Colón Pérez, opinión disidente). Falla una mayoría del Tribunal, en el día de hoy, al no verlo así.

Establecido lo anterior, la causa de epígrafe también nos presentaba la oportunidad de, en escenarios como los antes descritos, expresarnos sobre la defensa del tercero inocente. En específico, debíamos considerar si esta defensa era de aplicación a favor del acreedor condicional en la compra del vehículo de motor, en este caso, Popular Auto, LLC (en adelante, "Popular Auto"). Lo anterior, por dicha parte haber incluido en el *Contrato de venta* la siguiente cláusula: "Usted se obliga a conservar el Vehículo en perfecta condición, con excepción del desgaste natural y **a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso**". (Énfasis suplido). *Contrato de venta*, Apéndice del *Certiorari*, pág. 103.

En cuanto a este asunto, una mayoría de mis compañeras y compañeros de estrado, en un proceder también a todas luces erróneo, a grandes rasgos, concluye que a Popular Auto no le ampara la defensa del tercero inocente. Según su sorprendente razonamiento, la cláusula contractual en cuestión no era lo suficientemente específica y particularizada para evitar el uso ilícito del vehículo. Nada más lejos de la verdad.

Y es que, contrario a lo señalado por una mayoría de este Tribunal, con solo examinar cuidadosa y detenidamente el *Contrato de venta* objeto del presente litigio, salta a la vista que Popular Auto, en efecto, evidenció haber requerido al propietario del vehículo, -- mediante la precitada cláusula contractual --, que utilizara dicho bien de conformidad con la ley aplicable. Ello, a nuestro juicio, era suficiente para que aplicase la defensa bajo análisis. Requerir que, en este tipo de acuerdos, se detalle cada hecho o escenario ilícito posible es, simple y sencillamente, y como poco, algo absurdo.

En suma, y ya para concluir, somos de la postura de que un dictamen de no causa, -- en un proceso de vista preliminar en alzada --, sí constituye una adjudicación expresa de que el bien confiscado por el Estado no ha sido utilizado en la comisión de un delito y, por consiguiente, en tales instancias no es posible sostener dicha privación de propiedad privada. Asimismo, entendemos que una entidad financiera que, en el contrato de venta de un vehículo

de motor, incluye una cláusula general dirigida a que la otra parte haga uso legal del referido bien, puede, en un proceso de confiscación civil, levantar la defensa del tercero inocente con éxito.

Dicho resultado es, a todas luces, el único que se ajusta al hecho de que la confiscación civil constituye una **excepción** a la prohibición constitucional de que el Estado pueda tomar propiedad privada para fines públicos sin una justa compensación.

Siendo ello así, no albergamos duda alguna de que en el presente caso no se cometieron los errores señalados. Por ello, respetuosamente disentimos del curso de acción seguido por una mayoría de este Tribunal en la causa de epígrafe.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo