ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| MARÍA M. LÓPEZ RODRÍGUEZ Apelante v. MAPFRE PAN AMERICAN INSURANCE COMPANY Apelado | TA2026AP00001 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Caso Número: TJ2025CV00305 Sobre: Incumplimiento de contrato |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece ante esta Curia, la señora María M. López Rodríguez (Sra. López Rodríguez o Apelante) y solicita que revoquemos la *Sentencia* que el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario) notificó el 23 de octubre de 2025. En el referido dictamen, el TPI desestimó con perjuicio la *Demanda* y la *Demanda Enmendada* que la Sra. López Rodríguez instó en contra de Mapfre Pan American Insurance Company (Mapfre).

Por los fundamentos que exponemos a continuación, confirmamos la *Sentencia* apelada.

### I.

La presente causa se originó el 20 de mayo de 2025 cuando la Sra. López Rodríguez incoó una *Demanda* en contra de Mapfre sobre violaciones a la Ley Núm. 247-2018 y a la Ley Núm. 77 de 19 de junio de 1957, conocida como el Código de Seguros de Puerto Rico (Código de Seguros), 26 LPRA secs. 101 *et seq.* Surge de las

alegaciones de la *Demanda* que, tras el paso del Huracán María sobre Puerto Rico, el 20 de septiembre de 2017, su propiedad en el Sector Arrayanes del Barrio Quebrada Grande, KM. 6, Hm. 0 del Municipio de Trujillo Alto, sufrió daños y pérdidas cubiertas bajo la Póliza Núm. 3777167513815 con Mapfre. Además, imputó a Mapfre haber incurrido en prácticas desleales al no intentar llevar a cabo un ajuste rápido, justo y equitativo de su reclamación, en violación a los Artículos 27.161 al 27.165 del Código de Seguros, 26 LPRA sec. 2716a-2716e. Incluso, reclamó daños morales, costas y honorarios de abogado.

El 6 de agosto de 2025, antes de contestar la demanda, Mapfre presentó una *Moción de Desestimación y de Sentencia Sumaria.*[1] Sustentó su petitorio desestimatorio en la prescripción de la *Demanda* que incoó la Sra. López Rodríguez en su contra. Arguyó que presentó su causa, transcurrido el término pactado de un (1) año para entablar acciones judiciales en contra de Mapfre. Añadió que, la Sra. López Rodríguez tenía hasta el 14 de febrero de 2023 para presentar su causa de acción, lo cual no hizo hasta el 20 de mayo de 2025.

En atención a su solicitud de sentencia sumaria, propuso 17 hechos incontrovertidos y suplicó al TPI que desestime la demanda interpuesta en su contra, por la vía sumaria. Cimentó su petitorio en que, no existe controversia de que las partes claramente acordaron en la póliza que el término prescriptivo para la Apelante iniciar una acción en contra de Mapfre sería de un (1) año. Bajo la premisa de que la Apelante presentó la *Demanda* vencido el plazo pactado, señaló que la causa de epígrafe está prescrita. Agregó que, la Apelante nunca notificó a Mapfre y a la Oficina del Comisionado

---

[1] Junto a su petitorio incluyó los siguientes documentos: Anejo I-Póliza; Anejo II-Demanda; Anejo III-Contestación a demanda; Anejo IV-Moción en cumplimiento de orden y solicitando desistimiento voluntario sin perjuicio; Anejo V-Sentencia; Anejo VI-Carta; Anejo VII-Correo electrónico.

de Seguros (OCS) previo a entablar su acción, en violación al Artículo 27.164 del Código de Seguros, *supra*, siendo este un requisito jurisdiccional. Puntualizó que, la Apelante no realizó gestión alguna entre el 30 de noviembre de 2020 y el 14 de febrero de 2023 dirigida a interrumpir el referido término prescriptivo.

En reacción, el 2 de septiembre de 2025, la Sra. López Rodríguez enmendó la demanda "a los fines de alegar remedios al amparo de la Ley 247-2018", ante el presunto incumplimiento de Mapfre con sus disposiciones. Junto a su moción, acreditó haber entregado el *Formulario de notificación previo a entablar una acción civil* a Mapfre, el 31 de julio de 2023 y a la OCS, el 1 de agosto de 2023.

Separadamente, y en respuesta a la *Moción para reiterar moción de desestimación y de sentencia sumaria* de Mapfre, la Apelante se opuso al referido petitorio.[2] Lo antes, bajo el argumento de que, un reclamo al amparo del Artículo 27.164 del Código de Seguros carece de un término prescriptivo aplicable. Expuso que, en ausencia de un término aplicable, y por analogía, corresponde aplicar el plazo quincenal del Artículo 1864 del Código Civil, 31 LPRA sec. 5294. Aseguró haber cumplido con el requisito jurisdiccional de notificación tanto a Mapfre como a la OCS. Señaló que existe controversia en cuanto si la Apelante "tiene derecho a recibir bajo la póliza de seguros emitida por Pan American una compensación por el daño sufrido por los bienes asegurados a consecuencia del Huracán María". Añadió como otro fundamento para no disponer de esta causa por la vía sumaria que, resta que el foro primario adjudique si Mapfre incurrió en prácticas desleales.

Evaluado lo antes, el TPI dictó la *Sentencia* impugnada, en la cual, formuló las siguientes determinaciones de hechos:

---

[2] La Apelante no incluyó anejos junto a su moción en oposición.

1. El 14 de abril de 2017, MAPFRE emitió la póliza de seguro multilineal de propiedad residencial de número 3777167513815 a favor de María M. López Rodríguez.
2. La póliza de seguro de número 3777167513815 tuvo vigencia del 14 de abril de 2017 al 14 de abril de 2018.
3. La Póliza de Seguro de número 3777167513815 brindaba cubierta a una propiedad o edificio de un nivel o planta de concreto ubicada en *"Cacao Centro Wd PR853 KM 6.0 Trujillo Alto, PR 00976"*.
4. La póliza de seguro de número 3777167513815 aseguraba la estructura o edificio ("building") ubicado en *"Cacao Centro Wd PR853 KM 6.0 Trujillo Alto, PR 00976"*, cuya Cubierta A (estructura) tiene un límite de responsabilidad de $65,730.00 y la Cubierta C (propiedad personal) con un límite de $10,000.00. Dichos límites están sujetos a un deducible de 2%, o sea, $1,315 para la Cubierta A de vivienda y $500.00 para la Cubierta C de propiedad personal por el riesgo de tormenta de viento o huracán.
5. La cláusula 4 de las *Condiciones* de la póliza de seguro de número 3777167513815, dispone que, ***"Sus Deberes Después de una Pérdida.*** *En caso de pérdidas a la propiedad cubierta, usted debe asegurarse de que se cumpla lo siguiente: a. **Notificarnos a nosotros o a nuestro agente oportunamente**. b. c. …"*.
6. La cláusula 11 de las *Condiciones* de la póliza de seguro de número 3777167513815, dispone que, ***"Demanda contra Nosotros***. *No se podrá presentar una acción a menos que se hayan satisfecho las disposiciones de esta póliza y la acción se inicie dentro de un plazo de un año después de la fecha de la pérdida"*.
7. El 17 de septiembre de 2018, la parte demandante presentó una Demanda bajo María M. López Rodríguez v. Mapfre Pan American Insurance Company y otros, Civil Núm.: TJ2018CV00496.
8. MAPFRE le asignó el número 20183278343 como número de reclamación.
9. El 6 de agosto de 2019, MAPFRE presentó su Contestación a Demanda, alegando afirmativamente que, "*la parte demandante no presentó reclamación a Mapfre que cumpliera con los requisitos establecidos en los términos y condiciones de la póliza, así como que no cumplió con lo establecido en el Código de Seguros sobre el término que tiene la aseguradora para recibir, investigar, ajustar y determinar reclamaciones*".
10. El 10 de noviembre de 2020, las partes demandante y demandada presentaron de forma conjunta una Moción en Cumplimiento de Orden Solicitando y Desistimiento Voluntario sin Perjuicio en la cual la demandante informó que deseaba desistir de la misma sin perjuicio para gestionar de manera extrajudicial su reclamación.
11. Mediante Sentencia de 30 de noviembre de 2020, el Tribunal acogió el desistimiento voluntario sin perjuicio.
12. El 31 de julio de 2023, MAPFRE recibió el Formulario de Notificación Previo a Entablar una Acción Civil a Tenor con el Artículo 27.164 del Código de Seguros de Puerto Rico, exponiendo que le fue sometida una reclamación, que MAPFRE "failed to adopt and implement reasonable methos for the expeditious investigation of claims which may [sic]" y que no ajustó la reclamación "fairly and reasonably".
13. El 12 de octubre de 2023, MAPFRE recibió una carta remitida por correo electrónico de la parte demandante.
14. En dicha carta, la parte demandante expuso que, "Con fecha del 15 de septiembre de 2018, se cursó una reclamación a las oficinas de Mario Oronoz Law, representación legal de Mapfre con copia del estimado de daños rendido por el señor Blair Merriam."
15. En dicha carta, la parte demandante también expuso que, "la limitación de tiempo sea ésta de uno (1) o dos años,

solamente aplica a reclamaciones judiciales. Los asegurados que aún no hayan notificado sus reclamaciones podrán presentar las mismas directamente a la compañía, aunque haya caducado el plazo para acudir al tribunal."

16. En dicha carta, la parte demandante también expuso que el Sr. Merriam rindió un estimado de daños los cuales "ascienden a $36,339.33, sin ajustar y, con precios de costos y mano de obra que datan del 2018 y merecen ser actualizados en por lo menos un 15%. No obstante, en consideración a una transacción, extendemos una oferta por la suma total del estimado del Sr. Merriam, es decir, de $36,339.33"

17. El 8 de noviembre de 2023, la representación legal de la parte demandante remitió un correo electrónico en seguimiento a la carta del 12 de octubre de 2023.

18. El 15 de enero de 2024, MAPFRE le remitió una carta a la representación legal de la parte demandante exponiendo que la causa de acción de ésta se extinguió por haber prescrito.

19. El 20 de mayo de 2025, María M. López Rodríguez presentó la Demanda de autos en contra de MAPFRE.

Sobre tales bases, desestimó sumariamente y por prescripción tanto la *Demanda* como la *Demanda Enmendada.* Puntualizó que, la póliza de seguro a favor de la Sra. López Rodríguez establece claramente que el término para instar una reclamación judicial en contra de Mapfre es de un (1) año. Analizó que, el referido plazo coincide con el mínimo de un (1) año que a esos efectos decreta el Artículo 11.190 del Código de Seguros, 26 LPRA sec. 1119, para incoar acciones sobre pólizas.

Al aplicar el término prescriptivo a la presente causa el foro primario consideró lo siguiente:

> [...] como la pérdida o daño a la propiedad asegurada por dicha póliza ocurrió el 20 de septiembre de 2017 cuando el huracán María pasó por Puerto Rico, conforme a lo acordado en la póliza, el término de un (1) año colocó a la parte demandante a presentar una acción judicial en o antes del 20 de septiembre de 2018, lo cual hizo el 17 de septiembre de 2018 cuando presentó el caso María M. López Rodríguez v. Mapfre Pan American Insurance Company, de código alfanumérico: TJ2018CV00493. De ordinario, una vez en dicho caso el Tribunal dictó Sentencia sin perjuicio acogiendo la solicitud de desistimiento voluntario el 30 de noviembre de 2020, el término prescriptivo de un año comenzaría a discurrir. No obstante, como aún estaba pendiente el caso de Víctor Álvarez Alamo y otros v. Cooperativa de Seguros Múltiples de P.R. y otros, de código alfanumérico SJ2018CV07729, en el cual se estaba solicitando que se certificación [sic] como un pleito de clase, dicho término prescriptivo se extendió hasta el 14 de febrero de 2023. Esto, porque la Resolución emitida en dicho caso mediante la cual fue denegada la certificación como un pleito de clase fue

emitida el 14 de febrero de 2022, siendo este el último caso de este tipo.[3]

Al evaluar si la Sra. López Rodríguez interrumpió el término prescriptivo, el TPI reconoció que, según las alegaciones de la *Demanda,* "[e]n varias ocasiones, incluyendo el 3 de marzo de 2023; 3 de abril de 2023 y, Notificación al Comisionado de Seguros el 1 de agosto de 2023, se le dio seguimiento a la reclamación, sin respuestas de la Parte Demandada."[4] Igualmente ponderó que, la Sra. López Rodríguez eliminó de la *Demanda Enmendada* referencia a las presuntas gestiones efectuadas el 3 de marzo de 2023 y el 3 de abril de 2023.

Con respecto al requisito de notificación que emana del Artículo 27.164 del Código de Seguros, *supra,* el foro primario consignó que la Sra. López Rodríguez notificó el *Formulario de notificación previo a entablar una acción civil* a Mapfre y al Comisionado de Seguros, el 31 de julio de 2023 y el 1 de agosto de 2023, respectivamente. Agregó que, sin haber Mapfre corregido las deficiencias notificadas en el referido formulario, la Sra. López Rodríguez remitió a Mapfre un correo electrónico, el 12 de octubre de 2023, sin especificar las fechas en que dio seguimiento y sin presentar evidencia al respecto. Sobre tales bases, el TPI concluyó que, la Sra. López Rodríguez no puso en posición al tribunal para determinar que interrumpió el término prescriptivo. A esos efectos, desestimó con perjuicio la causa de epígrafe, por la vía sumaria.

Tras solicitar sin éxito la reconsideración, la Apelante acude ante nosotros mediante el presente recurso en el cual le imputa al foro primario lo siguiente:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR EL TÉRMINO PRESCRIPTIVO DE UN AÑO A LOS REMEDIOS Y PROTECCIONES AL AMPARO DE LOS ARTÍCULOS 27.164 Y 27.165 DEL CÓDIGO DE SEGUROS Y DESESTIMAR SUMARIAMENTE CON PERJUICIO LA DEMANDA Y LA DEMANDA ENMENDADA.

---

[3] *Sentencia,* SUMAC-TPI, Entrada Núm. 16, pág. 25.
[4] *Demanda,* SUMAC-TPI, Entrada Núm. 1, pág. 7.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR SUMARIAMENTE CON PERJUICIO LA DEMANDA Y LA DEMANDA ENMENDADA POR NO PROCEDER EN DERECHO[.]

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR SUMARIAMENTE CON PERJUICIO LA DEMANDA Y LA DEMANDA ENMENDADA, SIN CONSIDERAR QUE LA DOCTRINA DE LOS PROPIOS ACTOS IMPEDÍA LEVANTAR EXITOSAMENTE LA DEFENSA DE PRESCRIPCIÓN[.]

En cumplimiento con nuestra *Resolución,* Mapfre compareció mediante su alegato en oposición. Con el beneficio de las posturas de ambas partes, resolvemos.

## II.

### A. La Sentencia Sumaria y la Desestimación

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Batista Valentín v. Sucn. De José Enrique Batista Valentín y otros,* 2025 TSPR 93, resuelto el 1 de octubre de 2025. Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no hay duda sobre los hechos esenciales y existe evidencia que los apoya, de manera que, solo resta aplicar el derecho. *Negrón Castro y otros v. Soler Bernardini y otros,* 2025 TSPR 96, resuelto el 6 de octubre de 2025. Este cauce sumario -invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025. Sin embargo, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del

debido proceso de ley. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Cooperativa de Seguros Múltiples de Puerto Rico y otro v. Estado Libre Asociado de Puerto Rico y otros,* 2025 TSPR 78, resuelto el 5 de agosto de 2025. En cuanto a los requisitos de forma con los cuales la parte promovente de una solicitud de sentencia sumaria debe cumplir, la Regla 36.3(a) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a) establece los siguientes: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

De otra parte, quien desafía una moción de sentencia sumaria, no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón,*

supra, pág. 43. La Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a dicha parte a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si procede en derecho. *León Torres v. Rivera Lebrón,* supra. A esos efectos, el promovido deberá detallar y sustentar, con evidencia sustancial, los hechos materiales que pretende controvertir y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Si así lo desea, deberá someter hechos materiales adicionales que alega no están en disputa. *Íd.*

Además, la parte promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos medulares del caso. *Birriel Colón v. Econo y otro,* 213 DPR 80 (2023). Es un hecho medular el que puede afectar el resultado de la reclamación, conforme al derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025. De conformidad, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024). De igual forma, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001). Análogamente, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de

revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en igual posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Por ello, estamos llamados a revisar el expediente *de novo* y acreditar que las partes cumplieron con los requisitos de forma dispuestos en la Regla 36 de Procedimiento Civil, *supra*, y en su jurisprudencia interpretativa. *Negrón Castro y otros v. Soler Bernardini y otros,* supra. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Negrón Castro y otros v. Soler Bernardini y otros,* supra.

En lo atinente al caso de marras, en virtud de la Regla 10.2 (5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5), si de las alegaciones de la demanda surge que la causa de acción prescribió, la parte demandada puede instar un petitorio de desestimación por prescripción. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Particularmente, la

Regla 10.2(5), *supra*, establece como causa de desestimación que la reclamación en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Regla 10.2 de Procedimiento Civil, *supra*. En cuyo caso, la pretendida desestimación va dirigida a los méritos de la controversia, no así a los aspectos procesales. *Íd.* Además, obliga a los tribunales a dar por ciertos todos los hechos bien alegados en la demanda, los cuales deberá interpretar de forma conjunta, liberal y de la manera más favorable para la parte demandante. *Íd.*

**B. La prescripción extintiva**

La prescripción extintiva es un modo de extinguir el derecho a ejercer determinada causa de acción. *SLG Haedo-López v. SLG Roldán-Rodríguez*, 203 DPR 324, 336 (2019). Su propósito es "castigar la inercia y estimular el ejercicio rápido de las acciones". *Íd.* El Artículo 1830 del hoy derogado Código Civil de Puerto Rico de 1930 (Código Civil), 31 LPRA sec. 5241, establece que los derechos y las acciones se extinguen por medio de la prescripción. *Santos de García v. Banco Popular*, 172 DPR 759, 766 (2007). A esos efectos, el Artículo 1861 del Código Civil, 31 LPRA sec. 5291, dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". *Landrau Cabezudo y otros v. Autoridad de los Puertos de Puerto Rico y otros*, 2025 TSPR 7, resuelto el 15 de enero de 2025; *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1067 (2020). El propósito de la figura de la prescripción extintiva es poner certidumbre a las relaciones jurídicas y castigar la inacción de quien no ejerce sus derechos de manera oportuna. *Íd.*

Los términos prescriptivos varían según el tipo de derecho o acción. Por ejemplo, las acciones de responsabilidad civil extracontractual prescriben al cabo de un (1) año, según el Artículo 1868 del Código Civil, 31 LPRA sec. 5298. Mientras que, las acciones personales que no tienen términos especiales de prescripción

prescriben a los quince (15) años. Artículo 1864 del Código Civil, *supra*; *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 953 (2018).

### C. Derecho contractual y contrato de adhesión

Como cuestión de umbral, al disertar sobre la teoría general de contratos, es menester hacer referencia a aquella norma que postula que las obligaciones nacen de la ley, los contratos, los cuasicontratos y los actos y omisiones en que intervengan la culpa o negligencia. Artículo 1042 del entonces vigente Código Civil, 31 LPRA sec. 2992. *Demeter Int'l v. Srio. Hacienda,* 199 DPR 706 (2018). En lo que respecta a los contratos en particular, éstos existen cuando una o varias partes prestan su consentimiento a obligarse a dar alguna cosa o a prestar algún servicio. Artículo 1206 del Código Civil, 31 LPRA sec. 3371. *Íd.*

Un contrato será validado si concurren tres elementos esenciales, a saber: consentimiento, objeto y causa. Artículo 1213 del Código Civil, 31 LPRA sec. 3391. *Íd.* Cumplido lo anterior, las partes involucradas quedan obligadas al cumplimiento de sus términos y condiciones, pues las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes. Artículo 1044 del Código Civil, 31 LPRA sec. 2994. *Íd.* Cónsono con ello, desde el momento en que las partes consienten, se obligan no sólo al cumplimiento de lo expresamente pactado, sino también, a todas aquellas circunstancias que surjan del mismo y que, a su vez, sean conformes a la buena fe, al uso y a la ley. Artículo 1210 del Código Civil, 31 LPRA sec. 3375. *Íd.*

Como se sabe, en los contratos de adhesión, la reglamentación es obra de una sola de las partes. *Coop. Sabaneña v. Casiano Rivera*, 184 DPR 169, 176 (2011). Ante tales contratos, la función principal de un tribunal debe dirigirse a evaluar la presencia de cláusulas

ambiguas. En ausencia de ambigüedad, el contrato se interpretará según sus términos. *Íd.*, pág. 177. Véase, además, *S.L.G. Francis-Acevedo v. SIMED,* 176 DPR 372, 387 (2009).

### D. Código de Seguros

En Puerto Rico, tras el paso de los huracanes Irma y María sobre la Isla, nuestro más Alto Foro reiteró que el negocio de seguros está investido de un alto interés por su importancia, complejidad y efecto en la economía y la sociedad. *Consejo de Titulares v. MAPFRE,* 208 DPR 761 (2022).[5] Por ello, la industria de seguros está extensamente reglamentada tanto por el Código de Seguros, *supra,* como por su Reglamento, y de forma supletoria, por nuestro Código Civil. *Natal Cruz v. Santiago Negrón et al.,* 188 DPR 564, 575-576 (2013).

Cabe señalar que, el contrato de seguro constituye un acuerdo mediante el cual una persona se obliga a indemnizar a otra o a pagarle o proveerle un beneficio específico o determinable al producirse un suceso incierto allí previsto. Artículo 1.020 del Código de Seguros de Puerto Rico, 26 LPRA sec. 102; *OCS v. CODEPOLA,* 202 DPR 842, 858 (2019). Como norma general, estos contratos tienen como característica esencial la obligación de la aseguradora de indemnizar, la asunción de un riesgo de pérdida y el compromiso de asegurar contra dicha pérdida. *Íd.*

La póliza es el instrumento escrito en el cual se consignan los términos que rigen el contrato de seguro y constituye la ley entre las partes. 26 LPRA sec. 1114(1). *Natal Cruz v. Santiago Negrón et al., supra,* pág. 576. Respecto a su naturaleza, los contratos de seguros son contratos típicos de adhesión. *S.L.G. Ortiz-Alvarado v. Great*

---

[5] Citando a *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880 (2012); *Jiménez López et al. v. SIMED,* 180 DPR 1 (2010); *Echandi Otero v. Stewart Title,* 174 DPR 355 (2008).

*American*, 182 DPR 48, 71 (2011). Son redactados íntegramente por el asegurador en todo su contenido; esto es, el convenio de seguro, las exclusiones, y las condiciones, sin que el asegurado haya tenido la oportunidad de negociar el contenido con el asegurador. *Íd.* En su consecuencia, de contener cláusulas oscuras o ambiguas, estas se interpretarán a favor del asegurado. *Natal Cruz v. Santiago Negrón et al., supra.*

Mediante la Ley Núm. 242-2018, la Asamblea Legislativa enmendó el Código de Seguros, particularmente, los Artículos 11.150 y 11.190, y al mismo tiempo, añadió un nuevo Artículo 9.301. Lo antes, esencialmente, para establecer procesos más ágiles que faciliten la adecuada respuesta de la industria de seguros a la población asegurada. En lo pertinente, la enmienda al Artículo 11.190(2) del Código de Seguros, *supra,* fue a los efectos de prohibir que una póliza de seguro limite -a un término menor de un (1) año- el tiempo que una persona asegurada tiene para incoar en contra de su aseguradora una acción judicial en los foros judiciales. Dispuso, además, que la notificación de una reclamación a la compañía aseguradora constituye una reclamación extrajudicial que surte efecto interruptor de la prescripción. Véase, el inciso (4) del Artículo 11.190 del Código de Seguro, *supra.*

En cuanto al alcance de la interrupción, el Alto Foro ha resuelto que, ante una reclamación judicial, la interrupción tiene el efecto de congelar el plazo prescriptivo hasta tanto culmine efectivamente el proceso judicial. Mientras que, si la reclamación fue extrajudicial, la interrupción perdura únicamente hasta que finalice la acción ejercitada. *Díaz Santiago v. International Textiles,* 195 DPR 862 (2016). Ahora bien, la efectividad de la reclamación extrajudicial dependerá del cumplimiento de los siguientes requisitos: (1) debe ser oportuna; (2) debe presentarla una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo; y (4)

debe existir identidad entre el derecho reclamado y el afectado por la prescripción. *Íd.*, pág. 870.

En *Nevárez Agosto v. United Surety et al.,* 209 DPR 346 (2022), el Alto Foro reiteró que, un caso presentado como un pleito de clase interrumpe de forma automática el término prescriptivo para iniciar la acción de que se trate. En la eventualidad de que el foro judicial deniegue la solicitud de certificación de clase, el plazo iniciará nuevamente a partir de dicha denegatoria. *Íd.*

**III.**

En su recurso, la Apelante imputa al TPI la comisión de tres errores, todos dirigidos a cuestionar la desestimación sumaria de la *Demanda* y de la *Demanda Enmendada* que ella instó en contra de Mapfre. Argumenta que no aplica a esta causa el término prescriptivo de un (1) año que emana de la póliza y del Artículo 1868 del Código Civil, *supra,* toda vez que, su causa de acción surge al amparo de la Ley Núm. 247-2018, *supra.* Añade que, la Ley Núm. 247-2018, *supra,* no establece un término prescriptivo específico, más bien, decreta como requisito jurisdiccional la notificación, con la cual aseguró haber cumplido. Expone que, cónsono con el propósito de esta legislación de crear remedios civiles adicionales para los asegurados, ante la ausencia de un término prescriptivo en la Ley Núm. 247-2018, *supra,* debía aplicar el plazo quincenal que emana del Artículo 1864 del Código Civil para las acciones personales que no contemplan un término fijo.

Discute además que, por virtud de la doctrina de actos propios, Mapfre está impedida de invocar la defensa de prescripción, al cruzarse de brazos, luego de acordar con la Apelante que atendería extrajudicialmente su reclamación. La Apelante entiende que le correspondía a Mapfre tomar la iniciativa de atender y resolver con prontitud su reclamación bajo la póliza, luego de ella desistir de su primera causa de acción judicial.

En su alegato en oposición, Mapfre señala que las reclamaciones que instó la Apelante en su contra están prescritas. Discute que, la póliza de seguro vigente establece claramente un término prescriptivo de un (1) año. Reconoce que el referido término quedó interrumpido tras ella instar una primera demanda de la cual desistió voluntariamente y luego con el surgimiento de varios pleitos de clase. Puntualiza que, el 14 de febrero de 2022, el foro primario denegó la última certificación de clase, a partir de lo cual, entiende que reinició el término prescriptivo que tenía la Apelante para incoar su causa, vencedero el 14 de febrero de 2023. Añade que, ante una *Demanda* incoada el 20 de mayo de 2025, su causa está prescrita. Con respecto al plazo quincenal argumenta que, la Ley Núm. 247-2018, *supra,* se entiende incorporada al Código de Seguro, por lo cual, los términos del Código Civil son supletorios. En todo caso, debía aplicar supletoriamente el término más análogo correspondiente a las acciones de daños y perjuicios extracontractuales (daños morales y angustias mentales) de un (1) año, dispuesto en el Artículo 1868 del Código Civil, *supra.*

A los fines de dilucidar si el TPI actuó correctamente al desestimar sumariamente las reclamaciones de la Apelante debemos revisar *de novo* el petitorio sumario de Mapfre junto a la oposición de la Sra. López Rodríguez, tal cual nos lo exige la normativa de *Meléndez González et al. v. M. Cuebas,* supra. En el ejercicio de tal encomienda constatamos que, al desafiar el petitorio sumario de Mapfre, la Apelante no observó los requisitos de forma que establece la Regla 36.3(c). Sin embargo, según la normativa de *Meléndez González et al. v. M. Cuebas,* supra, el mencionado incumplimiento no obligó al TPI a rechazar de plano su oposición.

Superado lo anterior, constatamos que Mapfre logró establecer que no existen hechos medulares en controversia que impidieran al foro primario desestimar sumariamente y por

prescripción la *Demanda* y la *Demanda Enmendada.* A esos fines, discutiremos conjuntamente los tres (3) errores señalados por su estrecha relación entre sí.

Quedó establecido que, la Apelante interrumpió el término prescriptivo al instar una reclamación extrajudicial, el 15 de septiembre de 2018, seguido de una demanda judicial, el 17 de septiembre de 2018. Tras el desistimiento voluntario de esa primera demanda, el referido término debió comenzar a transcurrir nuevamente, el 30 de noviembre de 2020, cuando el TPI notificó la *Sentencia* ordenando el archivo de la causa, sin perjuicio. Sin embargo, el término se mantuvo interrumpido hasta el 14 de febrero de 2022, cuando el foro primario denegó la última solicitud de certificación de pleito de clase instada en el Caso Civil Núm. SJ2018CV07729, *Víctor Álvarez Álamo y otros v. Cooperativa de Seguros Múltiples de P.R. y otros.* Cabe recordar que, una vez el foro primario denegó la certificación de clase, quedó sin efecto la paralización automática del término prescriptivo, a tenor de lo resuelto en *Nevárez Agosto v. United Surety et al.,* supra. De manera que, a partir del 14 de febrero de 2022, comenzó el término prescriptivo de un (1) año que establece la póliza, vencedero el 14 de febrero de 2023.

En su intento por acreditar haber interrumpido el término prescriptivo luego de su desistimiento voluntario, la Apelante alegó en la *Demanda* haber dado seguimiento a la reclamación extrajudicial, el 3 de marzo de 2023 y el 3 de abril de 2023, sin ofrecer detalles al respecto, sin presentar evidencia que apoye su alegación y sin considerar que a esa fecha había vencido el plazo de un (1) año pactado en la póliza.

Nótese que, luego de que Mapfre presentó su moción dispositiva, la Apelante enmendó la demanda y en ella eliminó la

referencia a las fechas del 3 de marzo y 3 de abril de 2023. En sustitución, adujo lo siguiente:

> "[e]n varias ocasiones, la Parte Demandante le dio seguimiento a la reclamación, sin respuestas de la Parte Demandada. El 31 de julio de 2023 y el 1 de agosto de 2023 se notificó el Formulario a la Parte Demandada y al Comisionado de Seguros, respectivamente. Sin embargo, la Parte Demandada no remedió las deficiencias o violaciones notificadas en el término de sesenta (60) días que dispone el Art. 27.164 del Código de Seguros. Pasado dicho término, el 12 de octubre de 2023, se notificó reclamación a la Parte Demandada."[6]

Surge de la *Demanda* y de la *Demanda Enmendada* que, la Apelante cuantificó los daños y las pérdidas sufridas en consideración a los límites de la cubierta bajo la póliza. Imputó a Mapfre haber incurrido en prácticas desleales, en violación a la Ley 247-2018, lo cual a su entender, ocasionó daños y pérdidas a la propiedad asegurada. Añadió que, Mapfre actuó en violación a lo acordado al negarse a tramitar la reclamación extrajudicialmente.

Coincidimos con el foro primario en que, el término prescriptivo aplicable a esta causa es el de un (1) año, según pactaron las partes en la Cláusula Núm. 11 de las Condiciones de la póliza, que lee:

> **Demanda contra nosotros**. No se podrá presentar una acción a menos que se hayan satisfecho las disposiciones de esta póliza y la acción se inicie dentro de un plazo de un año después de la fecha de la pérdida. (Énfasis en el original.)

Obsérvese que, la citada cláusula es clara y libre de ambigüedad. Además, no es contraria a la ley en la medida en que es compatible con el Artículo 11.190 del Código de Seguros, *supra,* el cual autoriza que las pólizas establezcan términos prescriptivos para reclamar siempre que no sean plazos menores a un (1) año. Concluimos que, no procede aplicar de manera supletoria los términos del Código Civil debido a que la póliza claramente establece el plazo aplicable a esta causa.

---

[6] Véase, *Demanda Enmendada,* pág. 8.

Además, actuó correctamente el foro primario al resolver que, la Apelante no nos puso en posición de determinar que en efecto interrumpió el referido término prescriptivo. No surge del expediente que la Apelante realizara acto alguno entre el 14 de febrero de 2022 y el 14 de febrero de 2023 dirigido a interrumpir el referido plazo. Las gestiones que a esos efectos consignó la Apelante en la *Demanda* y en la *Demanda Enmendada* fueron posteriores al 14 de febrero de 2023, cuando ya había vencido el término de (1) año que tenía para instar su reclamación en contra de Mapfre. Entre ellas, la notificación remitida a Mapfre, el 31 de julio de 2023; la notificación a la OCS, el 1 de agosto de 2023; y la carta cursada a Mapfre fechada el 12 de octubre de 2023, en seguimiento de la reclamación judicial incoada el 15 de septiembre de 2018, pasados cinco (5) años. Sin duda, tales gestiones fueron inoficiosas debido a que a esa fecha su causa de acción estaba prescrita. Le correspondía a la Apelante, como promovente de su causa, actuar diligentemente para mantener viva su reclamación. Los errores señalados no se cometieron.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones